671 A.2d 608

PHILIP RIZZO, PHYLLIS RIZZO AND SILVER RIDGE PARTNER-
SHIP THROUGH ITS TRUSTEES PHILIP RIZZO AND PHYL-
LIS RIZZO, PLAINTIFFS–RESPONDENTS, v. PRUDENTIAL
SECURITIES INCORPORATED, A CORPORATION, DEFEN-
DANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued January 11, 1995—Decided February 28, 1996.

Before Judges MICHELS and VILLANUEVA.

*Jordan S. Weitberg* argued the cause for appellant (*Bressler, Amery & Ross,* attorneys; *Mr. Weitberg,* of counsel and on the brief).

*John A. Snyder II* argued the cause for respondents (*Fox and Fox*, attorneys; *Gabriel H. Halpern*, of counsel; *Mr. Snyder*, on the brief).

The opinion of the court was delivered by

VILLANUEVA, J.A.D.

Defendant Prudential Securities Incorporated appeals from an order of the Law Division that denied its motion to dismiss plaintiffs' complaint seeking to recover damages allegedly incurred as the result of defendant's wrongful disclosure of plaintiffs' account information to a third party pursuant to a subpoena and to require plaintiffs to submit all the issues raised in their complaint to arbitration. We affirm.

Plaintiffs each signed an Opening Account Agreement (Account Agreement) with defendant. Each Account Agreement contained the following provisions:

> The undersigned agrees, and by carrying an account for the undersigned you agree, all controversies which may arise between us concerning any transaction or the construction, performance or breach of this or any other agreement between us, whether entered into prior, on or subsequent to the date hereof, shall be determined by arbitration.
>
> . . . .
>
> Any controversy arising out of or relating to my account, to transactions with or for me or to this agreement or the breach thereof, and whether executed or to be executed within or outside of the United States, shall be settled by arbitration.

In addition, the Account Agreements contained two provisions relating to arbitration:

> [A]ll controversies which may arise between us concerning any transaction or the construction, performance or breach of this or any other agreement between us . . . shall be determined by arbitration;
>
> Any controversy arising out of or relating to my account, to transactions with or for me or to this agreement or the breach thereof, . . . shall be settled by arbitration.

Plaintiffs' daughter and son-in-law were involved in a domestic violence action, and the son-in-law served a subpoena *duces tecum* upon defendant requiring it to produce documents dealing with all transactions in plaintiffs' accounts. Plaintiffs notified defendant that no documents should be produced until a motion was made by

plaintiffs to quash the subpoena. Notwithstanding the fact that defendant agreed to comply with plaintiffs' instruction and the domestic violence matter was settled, defendant turned over the documents. As a result, plaintiffs were drawn into the underlying divorce action.

Plaintiffs filed a complaint seeking damages incurred as a result of defendant's wrongful disclosure of its account information to a third party. Plaintiffs' complaint alleges two causes of action: (1) a breach by one of Prudential's representatives of an oral representation not to produce plaintiffs' documents and records for use in an unrelated matrimonial action; and (2) negligence in providing said documents to counsel for a third party in an unrelated action following the settlement of that action. Defendant filed a motion to dismiss the complaint or to compel arbitration. The trial court, without oral argument and without issuing any oral or written opinion, denied the motion.

On appeal, defendant contends that the trial court erred in failing to dismiss plaintiffs' complaint and to order arbitration. It argues that the underlying dispute between plaintiffs and defendant must be submitted to arbitration under the Federal Arbitration Act, 9 *U.S.C.A.* §§ 1–307 (FAA or the Act). It further argues that the dispute arose out of the Account Agreements and thus the resolution of that dispute is governed by the arbitration clauses in those agreements.

The Act applies to all contracts evidencing a transaction involving interstate commerce:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

> [9 *U.S.C.A.* § 2.]

The Third Circuit has held that arbitration clauses in securities brokerage agreements are contracts involving interstate commerce within the meaning of the Act. *Hays & Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 885 *F.*2d 1149, 1152 (3d

Cir.1989). Therefore, the applicability of the parties' Account Agreements to the present dispute is to be determined pursuant to the FAA.

Parties can only be compelled to arbitrate those matters that are within the scope of the arbitration clause of the contract. *Seaboard Coast Line R.R. v. Trailer Train Co.*, 690 *F.*2d 1343, 1348 (11th Cir.1982). Moreover, for an arbitration clause to be enforceable, the underlying contract must embrace the disputed matter. *Jackson v. Atlantic City Elec. Co.*, 144 *F.Supp.* 551, 553–54 (D.N.J.1956).

Here, plaintiffs' claims concern a wrongful disclosure of plaintiffs' account information by defendant. This type of claim is not embraced by the contracts entered into between the parties. Those contracts pertain solely to the opening and maintenance of the brokerage accounts. If the contracts do not embrace the issues concerning plaintiffs' action, the arbitration clauses in those agreements do not apply. *Seaboard Coast Line R.R. v. Trailer Train Co., supra,* 690 *F.*2d at 1351.

Defendant seeks to bring plaintiffs' action within the terms of the Account Agreements and, in particular, within the scope of the arbitration clauses. It is a broad reach to conclude that the claims asserted by plaintiffs against defendant fall within the arbitration provisions of the those agreements. Plaintiffs' claims for the wrongful turning over of documents pursuant to a subpoena have nothing to do with their Account Agreements. The Act was never intended to cover this kind of a claim.

On appeal defendant argues that the trial court failed to consider whether plaintiffs' action is arbitrable as (1) a controversy "which may arise between us concerning any transaction . . . between us" or a controversy "arising out of or relating to . . . transactions with or for me"; (2) a controversy involving "the construction, performance or breach of this . . . agreement"; or (3) a controversy dealing with "the construction, performance or breach . . . of any other agreement between us."

Before a court interprets the scope of an arbitration clause, it must determine whether the contract containing the arbitration clause encompasses the underlying dispute. The Account Agreements at issue were never intended to encompass the wrongful disclosure that is the subject of this suit.

None of the other arbitration clauses require submitting this case to compulsory arbitration. The wrongful disclosure complained of is not a transaction between plaintiffs and defendant, nor did it involve a transaction undertaken on plaintiffs' behalf. Wrongful disclosures encompassed under an arbitration clause of this type include the misleading investment advice that was the subject of the lawsuit in *Shearson/American Express, Inc., v. McMahon,* 482 *U.S.* 220, 107 *S.Ct.* 2332, 96 *L.Ed.*2d 185 (1987), not the wrongful disclosures to third parties at issue here.

Affirmed.